# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES BROWNELL, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 17-11462-FDS |
| v. | ) ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO CORRECT THE RECORD

**SAYLOR, J.**

This is an appeal from a denial of social security benefits. Plaintiff Charles Brownell requests that the administrative record in this case be corrected to include three additional documents. For the reasons given below, the motion will be denied.

**I.     Background**

A hearing before the administrative law judge ("ALJ") was held in this case on April 23, 2015. (A.R. 65-106). Vocational expert Rule Baruch testified at that hearing as to the possible jobs that a hypothetical person with similar limitations to plaintiff could perform. (A.R. 94-105). After the hearing, the record was held open for plaintiff to submit rebuttal vocational evidence. (A.R. 20). Among other things, plaintiff then submitted written evidence from vocational expert David Meuse and Baruch's answers to interrogatories served on her by plaintiff. (A.R. 396-99, 419-22). Plaintiff also requested a supplemental hearing. (A.R. 412).

The supplemental hearing was held on February 9, 2016. (A.R. 45-64). At the hearing,

additional evidence was entered into the record. (A.R. 48-49). At the end of the hearing, plaintiff's counsel requested that the record be held open for an additional ten days for the submission of a post-hearing brief, but assured the judge that he would not submit any new affidavits. (A.R. 62). The judge gave him until February 26, 2016, and indicated that plaintiff should expect a written decision in "late March or sometime in April." (A.R. 63). Plaintiff submitted his brief on February 25. (A.R. 424-25).

On May 9, 2016, four days before the ALJ issued his decision, plaintiff's counsel attempted to submit a supplemental affidavit from Meuse, his vocational expert. (Pl. Mot. to Correct Rec. Ex. A). This affidavit was not considered by the ALJ and not included in the administrative record for this case. (*See* A.R. 20-21, 36).

The ALJ issued his decision on May 13, 2016. (A.R. 20-38). That decision was unfavorable to plaintiff. (A.R. 17). Plaintiff appealed to the Appeals Council and submitted the supplemental affidavit to the Appeals Council as well. (A.R. 10-11; Pl. Mot. to Correct Rec. Ex. C). In connection with its denial of plaintiff's appeal, the Appeals Council acknowledged the affidavit but did not make it part of the record. (A.R. 1-3). It explained: "The Administrative Law Judge decided your case through December 31, 2010. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 31, 2010." (A.R. 2).

Plaintiff filed the present motion to correct the record on December 19, 2017. He requests that the following documents be included in the administrative record:

(1) a two-page supplemental affidavit from Meuse dated May 6, 2016, together with the May 9, 2016 cover letter submitting it to the ALJ (Pl. Mot. to Correct Rec. Ex. A);

(2) the electronic receipt showing that the cover letter and affidavit were submitted to the agency's electronic filing system (*id.* Ex. B); and

(3) an exhibit showing that the cover letter and affidavit were submitted to the Appeals Council (*id.* Ex. C).

## II. Analysis

In reviewing the final decision of ALJ, this Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Plaintiff essentially argues that the "good cause" for failure to incorporate the supplemental affidavit into the record is that, as rebuttal vocational expert evidence, it was properly submitted to the ALJ after the hearing. He is correct that he may submit rebuttal evidence and that rebuttal-type evidence is not required to be submitted at least five days before a hearing. *See* 20 C.F.R. § 405.331(a) (2016) ("You must submit any written evidence no later than 5 business days before the date of the scheduled hearing."). But he has provided no authority for the proposition that he may ignore the deadlines explicitly set by the ALJ for submission of such evidence and file new materials at any time. He has never attempted to justify the late submission of the supplemental affidavit. He had hired Meuse prior to the supplemental hearing, and presumably could have elicited this testimony within the time allowed by the ALJ. The supplemental affidavit did not purport to contain new information that could not have discovered before. Indeed, his only explanation for why he submitted the supplemental affidavit is that the ALJ did not rule on his claim fast enough:

> As we discussed at the supplemental hearing, I had not planned to file a further affidavit. However, based on the VE testimony at the supplemental hearing I had expected a fully favorable decision by now. Since there is

3

> obviously some issue concerning you that has delayed a decision, I am submitting this further affidavit in response to Ms. Baruch's testimony at the supplemental hearing in the hope that will resolve whatever concerns you may have and allow you to issue a decision in this case.

(Pl. Mot. to Correct Rec. Ex. A). The fact that the ALJ may be slightly behind on his caseload is not permission to submit additional evidence that could have been submitted while the record was open. Plaintiff has thus failed to show good cause for the Court to order that this material be included.

Furthermore, plaintiff has not made a showing that the information contained in the supplemental affidavit is material. His letter, quoted above, suggests that he does not consider it material, as he had not even planned to file it. And he does not address the Appeals Council's determination that the affidavit does not relate to the time period at issue. Indeed, the Appeals Council appears to be correct, as the affidavit discusses the skill level of certain jobs as of May 6, 2016, whereas the ALJ's decision evaluated the availability of jobs as of December 31, 2010. (*See* Pl. Mot. to Correct Rec. Ex. A; A.R. 2, 23, 37). Plaintiff has therefore failed to show that the additional evidence is material.

### III. Conclusion

For the foregoing reasons, plaintiff's motion to correct the record is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: January 29, 2018                    United States District Judge